**LAW FOUNDATION OF SILICON VALLEY**
**FAIR HOUSING LAW PROJECT**
ANNETTE D. KIRKHAM (State Bar No. 217958)
JESSICA FRY (RLSA No. 800918)
111 W. St. John, Suite 315
San Jose, CA 95113
Telephone: (408) 280-2410
Fax: (408) 293-0106

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE)

| | |
|---|---|
| THOMAS BRIAN DONOVAN and TIMOTHY ROBINSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>YUNG K. SO as an individual and as trustee of the SO 2000 TRUST<br><br>    Defendants. | Case No. C-06-04253 JF (RS)<br><br>[~~PROPOSED~~] **CONSENT DECREE AND ORDER** |

    This action was filed by Plaintiffs, Thomas Brian Donovan, Jr. and Timothy Robinson (hereinafter "Plaintiffs") on July 11, 2006. Plaintiffs seek declaratory and injunctive relief and monetary damages against defendants Yung K. So and So 2000 Trust for unlawful discrimination against people with disabilities in the rental of their housing units, as well as wrongful eviction, retaliation, violations of California Civil Code section 1940, et seq., breach of the covenants of quiet enjoyment and of good faith and fair dealing, breach of the implied warranty of habitability, unfair business

practices, and intentional infliction of emotional distress in the operation of a multi-unit rental property (hereinafter "Rental Premises"), located at 2316 Ashglen Way in San Jose, California. At all times relevant to the events alleged by Plaintiffs, the Rental Premises were owned and operated by Defendant Yung K. So through the So 2000 Trust.

The parties have agreed that, in order to avoid protracted and costly litigation, the controversy should be resolved without a trial or adjudication on the merits and therefore consented to entry of this decree and order.  By entering into this consent decree and order, Defendants make no admission of liability or wrongdoing in connection with the allegations and claims made by Plaintiffs.

It is hereby ordered, adjudged and decreed that:

1. YUNG K. SO and SO 2000 TRUST (hereinafter "Defendants") have made a total monetary payment of $ 25,000 (TWENTY-FIVE THOUSAND DOLLARS) to Plaintiffs which constitutes a full and final settlement of any and all claims related to the subject matter of this lawsuit inclusive of any and all attorneys fees that may have been recoverable by plaintiffs.  Specifically, this total amount has been delivered in the form of fifty **(50) monthly installment check(s)** made **payable to the "Client Trust Account of the Law Foundation of Silicon Valley"** and sent to plaintiff's counsel, Fair Housing Law Project of The Law Foundation of the Silicon Valley.  Effective as of June 1, 2009, the Law Foundation has accepted these monthly check(s) on behalf of Plaintiffs and deposited all said checks into its client trust

account. The first check installment payment of FIVE HUNDRED DOLLARS ($500) was made available to Plaintiffs as of June 1, 2009. Forty-nine (49) subsequent monthly installment payments in the amounts specified below followed and were also delivered to Fair Housing Law Project by no later than the below-specified dates:

**PAYMENT AMOUNT:**            **MONTH:**

a)    $500        –            by June 1, 2009

b)    $500        –            by August 1, 2009

c)    $500        –            by September 1, 2009

.
.
.

d)    $500        –            by July 1, 2013

2. Defendants, upon providing 72 hours advance notice in writing or telephonically to plaintiffs counsel Fair Housing Law Project could have elected to accelerate any of the aforesaid ($500) FIVE HUNDRED DOLLAR subsequent monthly installment payments to have been due prior to July 1, 2013 by paying the FULL remaining settlement monies that are, as of the first date of that month, still due and outstanding to be paid to Plaintiffs under the terms and conditions of Paragraph One of this Consent Decree and Order; <u>or</u> b) by making additional installment payment(s) on the first date of any such month between June 2009 and July 2013 equal to an additional ($500) FIVE HUNDRED DOLLAR

3

        installment payment or further additional payments in such $500 increments.

3.    Under the terms of this Consent Decree and Order, Defendants, their employees, agents and all others acting on their behalf shall be required to comply with the following terms;

    a.    Defendants shall obey all local, state and federal fair housing laws prohibiting discrimination in the rental of housing; specifically, not discriminate on the basis of mental health. This consent decree and order shall prohibit Defendants from engaging in unlawful discrimination in housing during the next five years, such that Defendants and/or their managers, agents and owners shall not: refuse to rent to any person because of membership in a protected class, including due to mental health; impose different terms or conditions in the rental of units due to membership in this or any other protected class; or coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of rights granted under federal or state fair housing laws;

    b.    Within 90 days of the entry of this Consent Decree, Defendant Yung K. So and his agents who are responsible for screening or interacting with applicants or tenants at any and all rental

premises owned by Defendant – shall have attended at least one fair housing and landlord/tenant owner and manager training conducted by PROJECT SENTINEL at Defendant Yunk K. So's cost. Additional trainings must occur within two and three years after the entry of this Consent Decree..

c.  Within 60 days of the entry of this Consent Decree and Order, Defendant and his agents shall also effectively adopt a written non-discrimination policy to be included in their admission materials, which are distributed to all current residents, future residents, and future applicants that includes expressly clear language stating that defendants, in making available housing to the general public, do not discriminate against persons with mental health disabilities or any other classification protected by the fair housing laws.

d.  Within 60 days of the entry of this Consent Decree and Order, Defendant shall provide Plaintiff with a Landlord/Tenant application and lease highlighting non-discriminatory policies adopted by Defendant at all residential properties owned or managed by Defendant or his agents.

e.  Within 30 days of the entry of this Consent Decree and Order, Defendant shall display a sign (e.g. - a HUD fair housing poster)

        on all of the residential properties owned or operated by Defendant or his agents notifying tenants at said premises that Defendant does not discriminate against individuals with mental health disabilities and Defendant does not discriminate based on any other protected category under the federal and state fair housing laws;

    f.    Defendant shall not discriminate on the basis of mental health or on the basis of any other protected category under the federal and state fair housing laws.

    g.    Defendant and his agents shall allow Project Sentinel to monitor him through testing six times within the next five years. Defendant shall pay $500 per test to Project Sentinel for this monitoring and Project Sentinel will inform both Plaintiffs and Defendant of the results.

    h.    Defendant shall notify the Law Foundation of Silicon Valley of any complaints, allegations, or lawsuits regarding violation of the fair housing or civil rights laws within five years of the entry of this Consent Decree and Order.

    i.    Plaintiffs do not agree to any confidentiality provisions.

4.    In the event that, during the term of this order, there is any claimed violation of any provision of this order, Plaintiffs' counsel agrees to

provide Defendants, through defense counsel, a writing setting forth the nature of the alleged violation.  If, after a period of 30 days, defendants and plaintiffs' counsel are unable to resolve the alleged violation, plaintiffs' counsel may seek appropriate relief from this Court including monetary sanctions for Defendants' failure to comply.

5. This Order shall remain in effect for a period of five years from the date of entry and the Court shall retain jurisdiction for purposes of enforcement of this Order.  In response to a motion from either party, the Court may issue appropriate enforcement orders, including writs and injunctive relief, as it deems necessary to effectively implement this Consent Decree.  Under such circumstances, the Court may award the prevailing party attorneys fees and costs against the non-complying party.  This action is otherwise dismissed with prejudice as to the defendant.

Ordered this __17th__ day of __April__, 2009.

_____
**Honorable Jeremy Fogel:**
United States District Court
~~Magistrate~~ Judge
District

//

//

//

7

**Approved as to content and form:**

Dated: April 16, 2009             **FAIR HOUSING LAW PROJECT**


                                  /S/_____
                                  Jessica Fry
                                  Attorney for Plaintiffs



I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the parties and attorneys whose names appear below.

Dated: April 16, 2009             **FAIR HOUSING LAW PROJECT**


                                  /S/_____
                                  Jessica Fry
                                  Attorneys for Plaintiffs


Dated: April 15, 2009             **LAW OFFICES OF TAK S. CHANG**


                                  /S/_____
                                  James C. Hann
                                  Attorneys for Plaintiff